IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT § <br> OF GRAHAM OFFSHORE TUGS LLC § <br> SEABULK TOWING SERVICES, INC. § <br> AS OWNERS AND OWNERS PRO HAC VICE § <br> OF THE T/V SABINE FOR  EXONERATION § <br> FROM OR LIMITATION OF LIABILITY § | C.A. NO. 1:22-cv-371 <br><br> (ADMIRALTY) |

**COMPLAINT FOR EXONERATION FROM
OR LIMITATION OF LIABILITY**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Graham Offshore Tugs LLC and Seabulk Towing Services, Inc. as owners and owners *pro hac vice* of the *T/V Sabine* (hereinafter jointly referred to as the "Seabulk Petitioners"), and file this Complaint for Exoneration from or Limitation of Liability pursuant to 46 U.S.C. § 30501 *et seq.*, and Supplemental Rule F of the Federal Rules of Civil Procedure (hereinafter "Seabulk Limitation Action") and respectfully show the following:

### I.     Jurisdiction and Venue

1.      This case is within the admiralty and maritime jurisdiction of this Court pursuant to 28 U.S.C. § 1333 and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims.

2.      A lawsuit has been filed against Seabulk in this District.  Therefore, venue is proper in this Court pursuant to Supplemental Rule F(9) of Supplemental Rules for Certain Admiralty and Maritime Claims.

### II.     Background

3.      At all times material hereto, the Seabulk Petitioners were and are the owners and/or owners *pro hac vice* of the *T/V Sabine* ("*Sabine*").

4. The *Sabine* is a 189 gross ton tugboat built in 2007 and registered in Port Arthur, TX. The *Sabine* is 91.4 feet in length, 34 feel in breadth and bears IMO No. 9397391. In addition, the *Sabine*, was at all material times documented under the laws of the United States of America.

5. The *Sabine* and all its appurtenances, excluding pending freight, was valued at $8,500,000.00 (EIGHT MILLION FIVE HUNDRED AND NO/100 US DOLLARS) immediately following the incident at issue herein.

6. At the time of the incident at issue in this case the *Sabine* did not have any pending freight.

7. At all times material hereto, the Seabulk Petitioners used due diligence to make and maintain the *Sabine* in all respects seaworthy, and the *Sabine* was, in fact, at all times material hereto, tight, staunch, strong, and fully and properly equipped and supplied, and in all other respects fit for the service in which it was engaged.

8. On November 25, 2021, at approximately 22:30, while the *Sabine* was tied up to the moored *T/V Florida* at Motiva Port Neches # 1 Dock, the inbound tanker *M/V Gas Ares* allided with the starboard side of the *Sabine*.

9. At all material times, the *M/T Gas Ares* was not owned or operated by any of the Seabulk Petitioners. Upon information and belief, at all material times, the *Gas Ares* is owned and/or operated by KKS Line Limited and KSF Global No 4 SA and chartered by BGN International DMCC.

10. Upon information and believe, Motiva Enterprises LLC owns and/or operates the docks in Port Arthur, Texas, where the incident in question took place.

11. As a result of the allision by the *Gas Ares* with the *Sabine*, the *Gas Ares* caused physical damage to the tugs *Sabine* and *Florida* and to the Motiva dock.

12. At the time of the allision, Mr. Arthur D. Wolford ("Wolford") was the Master and

was in the wheelhouse of the *Sabine*.  Wolford also suffered injuries as a result of the allision. Wolford received medical treatment and was released the same day.

13. Months after the allision, on March 11, 2022, Wolford filed a lawsuit against Seabulk titled *Arthur D. Wolford v. Seabulk Towing Services, Inc.,* in the 172nd District Court of Jefferson County, Texas, Cause No. E-0209439.  A copy of the live pleading of that lawsuit is attached hereto as Exhibit 1.

14. The incident, injuries, and damages resulting from the incident as described above were not caused or contributed to in any way by the Seabulk Petitioners, their employees, agents, or vessels.  The Seabulk Petitioners, their employees and agents acted at all times in a reasonable, prudent and acceptable manner.

15. At all times, the *Sabine* was fit for the service in which she was engaged, was well equipped for the voyage, was well maintained, was adequately manned with competent, properly trained and/or instructed officers and crew before the start of the voyage, and Seabulk Petitioners exercised due diligence in making the *Sabine* ready for her voyage and/or otherwise seaworthy.

16. At all times material, the Seabulk Petitioners performed all their duties and obligations as prudent ship owners.  At no time did any of the Seabulk Petitioners' acts or omissions cause or contribute to the incident, loss, or damages claimed or that could be claimed as a result of the incident.

17. The sole cause of the incident and all damages and injuries sustained as a result of the incident was the navigation of the *Gas Ares* and the actions or inactions of KKS Line Limited, KSF Global No 4 SA, and BGN International DMCC.

18. The Seabulk Petitioners were not responsible for the condition of the *Gas Ares* or its navigation.

19.     Any claimant's alleged injuries and damages, if any, are the result in whole or in part of the acts and/or omissions of third parties and/or instrumentalities over which the Seabulk Petitioners exercised no right of control and for which the Seabulk Petitioners have no legal liability.

20.     The incident described above, and any damages claimed as a result thereof, occurred without the fault, privity, or knowledge of the Seabulk Petitioners.

21.     To the best of the Seabulk Petitioners' knowledge, information and belief, no warrant of arrest or any other process of any court has been issued for the *Sabine* and the vessel has not been and is not presently under seizure as a result of any claims or demands.

22.     The Seabulk Petitioners desire to contest their liability and the liability of the *Sabine* for any claims made and/or that may be made against them as they have valid defenses in fact and in law thereto.  The Seabulk Petitioners hereby invoke the benefits of the Limitation of Shipowners' Liability Act, 46 U.S.C. § 30501 et seq., and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, any and all Acts of the Congress of the United States amendatory thereof or supplementary thereto, and the rules of practice of this Court and the Supreme Court of the United States. The Seabulk Petitioners will show that neither they nor their vessel are liable to any extent and should be exonerated.

23.     Alternatively, in the event that the Seabulk Petitioners or the vessel should be held liable to any claimant, the Seabulk Petitioners claim the benefits of limitation of liability.  To the extent any claimant sustained any injuries/damages, which is denied, said injuries/damages occurred without the privity or knowledge of the Seabulk Petitioners.  No corporate officers or managing directors of the Seabulk Petitioners were aboard or in the vicinity of the *Sabine* at the time of the incident.  Any erroneous actions, if any, made by the *Sabine* were taken by its crew without the privity or knowledge of the Seabulk Petitioners.

24. Upon information and belief, the following parties may or have asserted claims against the Seabulk Petitioners as a result of the foregoing incident: Arthur D. Wolford, Motiva Enterprise, LLC, KSS Line Limited, KSF Global No 4 SA, BGN International DMCC, and the *M/V Gas Ares, in rem*.

25. This limitation proceeding is timely filed pursuant to 46 U.S.C. § 30508(b) and Supplemental Rule F of the Federal Rules of Civil Procedure, as it is filed within six months of the Seabulk Petitioners' receipt of the first written notice of claim.

**BASED ON THE FOREGOING**, Petitioners Graham Offshore Tugs LLC and Seabulk Towing Services, Inc., respectfully pray that this Court:

(1) enjoin in its entirety the commencement or continued prosecution of any action or proceeding against the Seabulk Petitioners or their property with respect to any claim arising from the incident described above;

(2) issue a Notice to all persons asserting claims arising from the incident above advising them to file their respective claims with the Clerk of this Court and serve a copy thereof on the attorneys for the Seabulk Petitioners on or before a date to be fixed in such Notice;

(3) order publication of such Notice in accordance with the applicable rules;

(4) enter an Order approving the Seabulk Petitioners' offer to file Stipulation with six percent (6%) *per annum* interest from the date of such Stipulation, pending any appraisement as may be ordered by the Court of the amount of the Seabulk Petitioners' interest in the vessel and their pending freight not to exceed $8,500,000.00;

(5) enter, upon trial of this matter, a judgment exonerating the Seabulk Petitioners and dismissing with prejudice, at claimant's cost, all claims which may be filed herein

or, in the alternative, a judgment that the Seabulk Petitioners are entitled to limit their liability to the value of their respective interest in the vessel immediately after the incident, in addition to pending freight; and

(6) order that the Seabulk Petitioners be granted such other relief to which they may be entitled.

Respectfully submitted,

**HOLMAN FENWICK WILLAN USA LLP**

/s/ *Michael J. Wray*
Michael J. Wray
Federal ID No. 381651
Texas Bar No. 24052191
michael.wray@hfw.com
5151 San Felipe, Suite 400
Houston, TX 77056
Phone: (713) 917-0888
Fax:   (713) 953-9470

**ATTORNEY-IN-CHARGE FOR LIMITATION PETITIONERS GRAHAM OFFSHORE TUGS LLC AND SEABULK TOWING SERVICES, INC.**

**OF COUNSEL:**
**HOLMAN FENWICK WILLAN USA LLP**
James T. Brown
Texas Bar No. 03138150
Federal ID. No. 11656
jim.brown@hfw.com
Thomas N. Lightsey III
Federal ID No. 84829
State ID No. 12344010
tom.lightsey@hfw.com
Alejandro Mendez-Roman
Federal ID No. 2295449
State ID No. 24102778
alex.mendez@hfw.com