# EXHIBIT 1

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
7/27/2022 5:25 PM
JAMIE SMITH
DISTRICT CLERK
E-209439

CAUSE NO. E-0209439

| | | |
|---|---|---|
| Arthur D. Wolford, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| Seabulk Towing Services, Inc., et al | § | |
| | § | |
| *Defendants.* | § | 172ND JUDICIAL DISTRICT |

## PLAINTIFF'S SECOND AMENDED PETITION

Plaintiff complains of Defendants Seabulk Towing Services, Inc. ("Seabulk"), KSS Line LTD ("KSS"), KSF Global No 4 SA ("KSF"), and BGN International DMCC ("BGN") and would respectfully show the Court that:

### I.

### Jurisdiction

1.     This Court has jurisdiction under the Savings to Suitors clause. 28 U.S.C. § 1333. Further, is well-settled that this Jones Act case is not removable. *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993).

### II.

### Discovery Level

2.     Discovery in this matter may be conducted under Level 2 of the Texas Rules of Civil Procedure.

## III.

## Parties

3.      Plaintiff is an American seaman and is a resident of Texas.

4.      Defendant **Seabulk Towing Services, Inc.** is a Florida entity that may be served through its registered agent National Registered Agents, Inc., 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

5.      Defendant **KSS Line LTD** is a South Korean Corporation that does a substantial amount of business in Texas. KSS Line LTD may be served with process through the Hague Convention.

6.      Defendant **KSF Global No. 4 S.A.** is a Panamanian Corporation that does a substantial amount of business in Texas. KSF Global No. 4 S.A. may be served with process through the Hague Convention.

7.      Defendant **BGN International DMCC** is a Belgian Corporation that does a substantial amount of business in Texas. BGN International DMCC may be served with process through the Inter-American Convention on Letters Rogatory and Additional Protocol.

## IV.

## Nature of the Action

8.      On or about November 25, 2021, Plaintiff was employed by Seabulk Towing as a captain aboard the *M/V Sabine*. At all times material to this case, the *M/V Sabine* was owned, operated, and/or managed by Seabulk Towing.

2

9.     At all times material to this case, the *M/V Gas Ares* was owned, operated, and/or managed by KSS Line LTD; KSF Global No. 4 S.A.; and/or BGN International DMCC.

10.     While the *M/V Sabine* was deployed on the navigable waters alongside this county, and while Plaintiff was contributing to and aiding the vessel *M/V Sabine* to accomplish its mission, the *M/V Gas Ares* struck the *M/V Sabine*. As a result, Plaintiff was thrown violently from the helm and sustained serious injuries to his back, neck, and other parts of his body.

11.     Defendants are negligent and grossly negligent for one or more of the following reasons:

      a.     operating the vessel in an improper and unsafe manner;

      b.     failure to properly communicate with other vessels;

      c.     failure to properly supervise its crew;

      d.     failure to properly train its employees;

      e.     failure to provide an adequate crew;

      f.     failure to provide adequate safety equipment;

      g.     failure to provide adequate medical treatment;

      h.     failure to prudently supervise the job;

      i.     failure to maintain the vessel;

      j.     failure to maintain, inspect, and/or repair the vessel's equipment;

      i.     vicariously liable for their employees' negligence and gross negligence; and

      j.     other acts deemed negligent and grossly negligent.

12. At all relevant times, the *M/V Sabine* was unseaworthy.

13. As a result of said occurrence, Plaintiff suffered a severe injury to his neck, back, head, shoulders, and other parts of his body as well as severe psychological trauma.

14. Plaintiff sustained severe injuries to his body, which resulted in physical pain, mental anguish, and other medical problems. Plaintiff has sustained severe pain, physical impairment, discomfort, mental anguish, and distress. In all reasonable probability, Plaintiff's physical pain, physical impairment, and mental anguish will continue indefinitely. Plaintiff has also suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with his injuries.

15. Further, as a seaman, Plaintiff is entitled to maintenance and cure, which Defendant Seabulk Towing has failed to pay. Plaintiff seeks punitive damages against Defendant Seabulk Towing for arbitrarily and improperly denying maintenance and cure. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which he now sues.

16. Plaintiff is also entitled to punitive damages because the aforementioned actions of Defendants were grossly negligent. Defendants acted with flagrant and malicious disregard of Plaintiff's health and safety. Defendants were subjectively aware of the extreme risk posed by the conditions which caused Plaintiff's injury, but did nothing to rectify them. Instead, Defendants had Plaintiff and other crew members continue working despite the dangerous conditions that were posed to them. Defendants did so knowing that the conditions posed dangerous and grave safety concerns. Defendants' acts and omissions involved an extreme degree of risk considering the probability and

magnitude of potential harm to Plaintiff and others. Defendants had actual, subjective awareness of the risk, and consciously disregarded such risk by allowing Plaintiff to work under such dangerous conditions.

## V.

### Jury Trial

17.     Plaintiff hereby requests a trial by jury on all claims.

## VI.

### Prayer

Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that the Defendants appear and answer, and that upon final hearing, Plaintiff has judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court including but not limited to:

a. Past and future medical costs and expenses;

b. Past and future pain and suffering and mental anguish;

c. Past and future loss of earning capacity;

d. Past and future physical impairment;

e. Past and future disfigurement;

f. Past and future maintenance and cure;

g. Exemplary damages;

h. Costs of Court; and

i. Any further relief to which Plaintiff would be entitled.

Respectfully Submitted,

ARNOLD & ITKIN LLP

By: */s/ Joseph F. McGowin*
    Kurt Arnold
    State Bar No. 24036150
    karnold@arnolditkin.com
    Caj Boatright
    State Bar No. 24036237
    cboatright@arnolditkin.com
    Joseph McGowin
    State Bar No. 24117268
    jmcgowin@arnolditkin.com
    Roland Christensen
    State Bar No. 24101222
    rchristensen@arnolditkin.com
    6009 Memorial Drive
    Houston, TX  77098
    Tel: (713) 222-3800
    Fax: (713) 222-3850
    e-service@arnolditkin.com

**ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to all counsel of record in accordance with the Texas Rules of Civil Procedure on this 27th day of July, 2022.

*/s/ Joseph McGowin*
Joseph McGowin

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Morgan Carlock on behalf of Joseph McGowin
Bar No. 24117268
mcarlock@arnolditkin.com
Envelope ID: 66740550
Status as of 7/28/2022 7:00 AM CST

Associated Case Party: ARTHURDWOLFORD

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Joseph McGowin | | jmcgowin@arnolditkin.com | 7/27/2022 5:25:05 PM | SENT |
| Morgan Carlock | | mcarlock@arnolditkin.com | 7/27/2022 5:25:05 PM | SENT |
| Cristal Becerra | | cbecerra@arnolditkin.com | 7/27/2022 5:25:05 PM | SENT |
| Kurt Arnold | | e-service@arnolditkin.com | 7/27/2022 5:25:05 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Morgan Carlock on behalf of Joseph McGowin
Bar No. 24117268
mcarlock@arnolditkin.com
Envelope ID: 66740550
Status as of 7/28/2022 7:00 AM CST
Associated Case Party: SEABULK TOWING SERVICES INC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| James T.Brown | | jim.brown@hfw.com | 7/27/2022 5:25:05 PM | SENT |
| Michael Wray | | michael.wray@hfw.com | 7/27/2022 5:25:05 PM | SENT |
| Alejandro MendezRoman | | alex.mendez@hfw.com | 7/27/2022 5:25:05 PM | SENT |
| Denise Hebert | | denise.hebert@hfw.com | 7/27/2022 5:25:05 PM | SENT |
| Melanie Fridgant | | melanie.fridgant@hfw.com | 7/27/2022 5:25:05 PM | SENT |