IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | § | |
| OF GRAHAM OFFSHORE TUGS LLC | § | |
| SEABULK TOWING SERVICES, INC. | § | C.A. NO. 1:22-cv-371-MAC |
| AS OWNERS AND OWNERS PRO HAC VICE | § | |
| OF THE T/V SABINE FOR EXONERATION | § | (ADMIRALTY) |
| FROM OR LIMITATION OF LIABILITY | § | |

**THIRD PARTY COMPLAINT**

**COME NOW**, Limitation Petitioners/Third Party Plaintiffs Graham Offshore Tugs LLC and Seabulk Towing Services, Inc. as owners and owners *pro hac vice* of the *T/V Sabine* (hereinafter jointly referred to as the "Seabulk Petitioners"), and through undersigned counsel, file their Third Party Complaint against Third Party Defendants, KSF Global No 4 SA; KSS Line Ltd; BGN International DMCC; and the *M/T Gas Ares, in rem* (hereinafter when referred to jointly as the "*Gas Ares* Interests").  Pursuant to Fed. R. Civ. P. 14(a)(1), leave of court is not required for the filing of this Third Party Complaint as it is filed within 14 days after service of the Seabulk Petitioners' Original Answer.  Pursuant to Federal Rule of Civil Procedure 14(c) Seabulk Petitioners respectfully show as follows:

**I.**
**JURISDICTION & PARTIES**

1. This is an admiralty and maritime claim within the jurisdiction of the United States and this Honorable Court pursuant to Article III, Section 2 of the United States Constitution, 28 U.S.C. § 1333, Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims.

2. The Seabulk Petitioners assert this Third Party Complaint pursuant to Rules Procedure 14(b) and 14(c) of the Federal Rule of Civil and further impleads and tenders Third

Party Defendants *Gas Ares* Interests directly liable to Claimant, Mr. Arthur D. Wolford, for all such claims asserted by the foregoing against Seabulk Petitioners in this civil action pursuant to Federal Rule of Civil Procedure 14(c).

3.  Limitation Petitioners/Third Party Plaintiffs Seabulk Petitioners are the owners and owners *pro hac vice* and/or operators of the *T/V Sabine.* The *Sabine* is a 189 gross ton tugboat built in 2007 and registered in Port Arthur, TX.  It is 91.4 feet in length, 34 feel in breadth and bears IMO No. 9397391.  In addition, the *Sabine*, was at all material times documented under the laws of the United States of America.

4.  Third Party Defendants, KSF Global No 4 SA, KSS Line Ltd, are foreign companies with principal places of business in South Korea.  Third-Party Defendant BGN International DMCC is a foreign company with its principal place of business in Dubai.  The *M/T Gas Ares* is a liquefied petroleum gas carrier that bears IMO No. 13064363 and operates under the flag of the Republic of Panama.  The *in personam* Third Party Defendants may be served with process through the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 20 U.S.T. 391 and/or via the Texas long arm statute.  *In rem* Third Party Defendant, *M/T Gas Ares* may be served when within the jurisdiction of the Court under the Supplemental Rules for Admiralty and Maritime Claims, as authorized by Fed. R. Civ. P. 14(a)(6).

## II.
## FACTS

5. On November 25, 2021, at approximately 22:30, while the *Sabine* was tied up to the moored *T/V Florida* at Motiva Port Neches # 1 Dock, the inbound tanker *M/V Gas Ares* allided[1] with the starboard side of the *Sabine*.

6. At all material times, the *M/T Gas Ares* was not owned or operated by the Seabulk Petitioners. Upon information and belief, at all material times, the *Gas Ares* is owned and/or operated by Third Party Defendants KKS Line Ltd and KSF Global No 4 SA and chartered by Third Party Defendants BGN International DMCC.

7. Upon information and believe, Motiva Enterprises LLC owns and/or operates the dock in Port Arthur, Texas, where the incident in question took place.

8. As a result of the allision by the *Gas Ares* with the *Sabine*, the *Gas Ares* caused physical damage to the tugs *Sabine* and *Florida* and to the Motiva dock.

9. At the time of the allision, Claimant Mr. Arthur D. Wolford ("Wolford") was the Master and was in the wheelhouse of the *Sabine*. Wolford allegedly suffered minor injuries as a result of the allision. Wolford received medical treatment and was released the same day.

10. Months after the allision, on March 11, 2022, Wolford filed a lawsuit against Seabulk titled *Arthur D. Wolford v. Seabulk Towing Services, Inc.,* in the 172nd District Court of Jefferson County, Texas, Cause No. E-0209439. Wolford has since filed a Second Amended Petition to include KKS Line LTD, KSF Global No 4 SA, and BGN International DMCC as defendants. A copy of this Second Amended Petition is attached hereto as Exhibit A. Subsequently, Wolford filed a Claim in this matter. (Dkt. 10).

11. The incident, injuries, and damages resulting from the incident as described above were not caused or contributed to in any way by the Seabulk Petitioners, its employees, agents,

---

[1] An allision is a maritime term meaning "the running of one ship upon another ship that is stationary — distinguished from collision [which is two moving ships running into each other]". https://www.merriam-webster.com/dictionary/allision

3

or vessels.  The Limitation Petitioners/Third Party Plaintiffs, their employees and agents acted at all times in a reasonable, prudent and acceptable manner.

12. At all times, the *Sabine* was fit for the service in which she was engaged, was well equipped for the voyage, was well maintained, was adequately manned with competent, properly trained and/or instructed officers and crew before the start of the voyage, and Limitation Petitioners/Third Party Plaintiffs exercised due diligence in making the *Sabine* ready for her voyage and/or otherwise seaworthy.

13. At all times material, the Limitation Petitioners/Third Party Plaintiffs performed all of their duties and obligations as prudent ship owners.  At no time did any of the Limitation Petitioners/Third Party Plaintiffs' alleged acts or omissions cause or contribute to the incident, loss, or damages claimed or that could be claimed as a result of the incident.

14. The sole cause of the incident and all damages and injuries sustained as a result of the allision were the acts and omissions of the Third Party Defendants and the navigation of the *Gas Ares*.

15. The Limitation Petitioners/Third Party Plaintiffs were not responsible for the condition or the navigation of the *Gas Ares*.

16. Any claimant's alleged injuries and damages, if any, are the result in whole or in part of the acts and/or omissions of third parties and/or instrumentalities over which the Limitation Petitioners/Third Party Plaintiffs exercised no right of control and for which the Limitation Petitioners/Third Party Plaintiffs have no legal liability.

## III.
## CAUSES OF ACTION

A.  **General Maritime Law-Negligence**

17. The cause of the allision was the negligent and careless manner that the *Gas Ares* were being navigated.

18. The *Gas Ares* was navigated at an unsafe speed, without a proper lookout, and without taking into account all of the navigational conditions and forces to be considered by a competent navigator.

19. The *Gas Ares* and her crew failed to follow the applicable rules of navigation, port regulations and customs, and customary rules of proper seamanship to avoid making contact with the *Sabine*, including but not limited to the use of all available means to avoid the allision.

20. The *Gas Ares* was unseaworthy and manned by an inadequate, incompetent or inexperienced crew or Pilot.

21. Since the *Gas Ares* violated statutory and regulatory provisions which are meant to prevent collisions the *Gas Ares* is presumed to be the cause of the allision. These violations also render the *Gas Ares* Interests negligent *per se*. Further, the violations of the Inland Navigational Rules and other statutory regulations designed to prevent collisions/allisions give rise to the rule of *The PENNSYLVANIA*. As a result, the *Gas Ares* Interests now bear the burden of proving "not merely that [their] fault might not have been one of the causes, or that it probably was not, but that it could not have been" a cause of the allision. *The PENNSYLVANIA*, 86 U.S. (19 Wall.) 125, 136 (1874).

22. Since the *Gas Ares* allided with the moored and stationary *Sabine*, the *OREGON* Rule creates a presumption of negligence/fault on the part of the *Gas Ares* Interests. *The Oregon*, 158 U.S. 186 (1895).

23. Third Party Defendants owed a duty to properly, safely, and in keeping with the navigational rules navigate the *Gas Ares* and avoid the allision with the *Sabine*.

24. Third Party Defendants breached this duty by failing to exercise reasonable care in the following non-exclusive manner:

    a. operating the *Gas Ares* in an improper and unsafe manner;

    b. failing to properly communicate with other vessels;

    c. failing to properly supervise its crew;

    d. failing to properly train its employees;

    e. failing to provide an adequate crew;

    f. failing to provide adequate safety equipment;

    g. failing to prudently supervise the *Gas Ares*;

    h. failing to maintain the *Gas Ares*;

    i. failing to maintain, inspect, and/or repair the *Gas Ares*'s equipment;

    j. failing to use adequate tugs to aid in its navigation;

    k. failing to keep a safe speed and course;

    l. failing to keep a proper lookout; and

    m. such other failings as may be shown at trial.

25. As a direct or proximate result of Third Party Defendants' breaches, Limitation Petitioners/Third Party Plaintiffs have sustained and continues to sustain damages as set forth below.

26. Limitation Petitioners/Third Party Plaintiffs claim against the *M/T Gas Ares* and its owners, managers, and operators, including KSS Line LTD, KSF Global No 4 SA, and BGN International DMCC by way of contribution, indemnity, and remedy-over to recover any damages they may become liable for the alleged illnesses, injuries and/or damages to Claimant

Wolford and for physical damage to the Seabulk Petitioners vessels, survey fees and costs, attorney's fees, costs of court, pre and post judgment interest. and expenses incurred.

## IV.
## DAMAGES

27. As a direct or proximate result of Third Party Defendants' conduct, in whole or in part, Seabulk has sustained and continues to sustain the following non-exclusive damages all of which Third Party Defendants are liable, in whole or in part:

    a. Physical damage suffered by the *Sabine* as will be proven at trial;

    b. Physical damage suffered by the *Florida* as will be proven at trial;

    c. Economic losses suffered by Limitation Petitioners/Third Party Plaintiffs relating to the use of the tugs *Sabine* and *Florida* as will be proven at trial;

    d. Seabulk's liability, if any, to Mr. Wolford which damages have been denied and are denied by Seabulk; and

    e. Contribution and indemnity for the maintenance and cure paid to Claimant Wolford by Seabulk as a result of the allision caused by the Third Party Defendants' conduct.

    f. Indemnification for the attorneys' fees and expenses incurred by the Seabulk Petitioners in defending against all claims brought against them arising out of the allision.

**WHEREFORE**, Limitation Petitioners/Third Party Plaintiffs Graham Offshore Tugs LLC and Seabulk Towing Services, Inc. as owners and owners *pro hac vice* of the *T/V Sabine*, pray that after due proceedings be had, the following relief be granted:

    a. judgment be entered in their favor on this Third Party Complaint and against Third Party Defendants KKS Line LTD, KSF Global No 4 SA, and BGN

International DMCC and the Gas Ares *in rem*, awarding Seabulk all damages sustained as a result of the allision;

b. judgment be entered in their favor on this Third Party Company and against Third Party Defendants KKS Line LTD, KSF Global No 4 SA, and BGN International DMCC and the Gas Ares in rem awarding Seabulk indemnity and/or contribution for all claims asserted by Mr. Wolford;

c. that Third Party Defendants KKS Line LTD, KSF Global No 4 SA, and BGN International DMCC and the *Gas Ares in rem* be impleaded pursuant to Federal Rule of Civil Procecure 14(c), appear answer the allegations set forth in Dkt No. 10 (Wolford's Claim) and be adjudged directly liable to Mr. Wolford for all claims asserted against Seabulk and that Seabulk be exonerated from all liability to the foregoing;

d. judgment be entered in their favor on this Third Party Complaint and against Third Party Defendants KKS Line LTD, KSF Global No 4 SA, and BGN International DMCC and the *Gas Ares in rem* awarding Seabulk its legal costs and pre and post judgment interest; and

e. all other just and equitable relief as may be warranted.

Respectfully submitted,

**HOLMAN FENWICK WILLAN USA LLP**

/s/ *Michael J. Wray*
Michael J. Wray
Federal ID No. 381651
Texas Bar No. 24052191
michael.wray@hfw.com
5151 San Felipe, Suite 400
Houston, TX 77056
Phone: (713) 917-0888

        Fax:   (713) 953-9470

**ATTORNEY-IN-CHARGE FOR LIMITATION PETITIONERS GRAHAM OFFSHORE TUGS LLC AND SEABULK TOWING SERVICES, INC.**

**OF COUNSEL:**

**HOLMAN FENWICK WILLAN USA LLP**
James T. Brown
Texas Bar No. 03138150
Federal ID. No. 11656
jim.brown@hfw.com
Thomas N. Lightsey III
Federal ID No. 84829
State ID No. 12344010
tom.lightsey@hfw.com
Alejandro Mendez-Roman
Federal ID No. 2295449
State ID No. 24102778
alex.mendez@hfw.com

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF on October 14, 2022 which will provide a copy of the foregoing document to all counsel of record by CM/ECF and/or another means in accordance with the Federal Rules of Procedure.

        /s/ *Michael J. Wray*
        Michael J. Wray