| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
| --- | --- |

| | | |
| --- | --- | --- |
| IN THE MATTER OF THE COMPLAINT | § | |
| OF GRAHAM OFFSHORE TUGS LLC | § | |
| AND SEABULK TOWING SERVICES, INC. | § | |
| AS OWNERS AND OWNERS PRO HAC | § | |
| VICE OF THE T/V SABINE FOR | § | CIVIL ACTION NO. 1:22-CV-371 |
| EXONERATION FROM OR LIMITATION | § | |
| OF LIABILITY | § | |
| | § | |

## MEMORANDUM AND ORDER

Pending before the court is Claimant Arthur Wolford's ("Wolford") Motion to Bifurcate (#51), wherein he asks the court to bifurcate the issues of exoneration and limitation of liability from the question of damages. Limitation Petitioners/Third Party Plaintiffs Graham Offshore Tugs LLC and Seabulk Towing Services, Inc. as owners and owners pro hac vice of the T/V Sabine (collectively, "Seabulk Petitioners") and Claimant KSS Line Ltd., as Claimant Owner of the LPG/C GAS ARES, in rem ("KSS Line") filed responses in opposition (#s 54, 55). Having considered the motion, the responses, the record, and the applicable law, the court is of the opinion that the motion should be granted in part.

I.   Background

This limitation proceeding arises from an allision between the *T/V Sabine* ("SABINE") and the *M/V Gas Ares* ("GAS ARES"). On November 25, 2021, while the SABINE was tied up to the moored *T/V FLORIDA* ("FLORIDA") at Motiva Port Neches # 1 Dock, the inbound GAS ARES allided with the starboard side of the SABINE. Wolford was the Captain of the SABINE and employed by Seabulk Petitioners at the time of the incident. Wolford claims that as a result of the allison, he was thrown violently from the helm and sustained serious injuries to his back,

neck, and other parts of his body.  Wolford filed suit in state court against Seabulk Petitioners and KSS Line[1] asserting claims of negligence and gross negligence.  The allision also allegedly resulted in physical damage to the SABINE, the FLORIDA, and the Motiva dock.

On September 8, 2022, Seabulk Petitioners filed a Complaint for Exoneration from or Limitation of Liability (#1) in this court, resulting in a stay of the state court proceeding (#7). Wolford filed a claim for negligence and unseaworthiness, along with a claim for maintenance and cure, against Seabulk Petitioners (#10).  KSS Line has asserted a claim against Seabulk Petitioners on the basis of contribution or indemnity from Seabulk Petitioners for the claims arising out of the allision (#18).  Seabulk Petitioners have also filed a third-party complaint against KSS Line, tendering Wolford's claim against the Seabulk Petitioners to KSS Line and also asserting property damage claims from the SABINE and FLORIDA (#13).[2]  On September 17, 2024, the court entered an order denying Seabulk Petitioners' Motion for Exoneration from Liability/Summary Judgment (#75), concluding that Seabulk Petitioners failed to establish conclusively that they are completely free from fault.

Wolford's Motion to Bifurcate (#51) requests the court to bifurcate this proceeding so that he can litigate his apportionment of liability and damages claims before a jury in the forum of his choice.

---

[1] Wolford also named KSF Global No. 4 S.A. ("KSF") and BGN International DMCC ("BGN") as defendants in his amended state court petition (#1-1).

[2] Seabulk Petitioners also asserted third party claims against KSF and BGN.  Subsequently, Seabulk Petitioners, KSS Line, and Wolford stipulated to the dismissal with prejudice of the third party claims against KSF and BGN (#30), and the court entered an order dismissing the claims against KSF and BGN with prejudice (#31).

II.     Analysis

A.      The Limitation of Liability Act and the Savings to Suit Clause

Under the Limitation of Liability Act, 46 U.S.C. §§ 30501 *et seq.* (the "Limitation Act"), a shipowner can limit its liability for damages caused by an incident to the value of the vessel at the end of its voyage, plus any pending freight as long as the shipowner had no privity or knowledge of any unseaworthy condition or negligent act that was a proximate cause of the incident.[3]  *SCF Waxler Marine, L.L.C. v. Aris T M/V*, 24 F.4th 458, 472 (5th Cir. 2022) (citing 46 U.S.C. § 30505(a)-(b)).  Federal courts have exclusive jurisdiction to determine whether a shipowner is entitled to limited liability.  *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 442 (2001); *In re N&W Marine Towing, L.L.C.*, 31 F.4th 968, 971 (5th Cir. 2022).

"A shipowner's right to limitation, however, is cabined by the 'saving to suitors' clause."[4] *Odeco Oil & Gas Co., Drilling Div. v. Bonnette*, 74 F.3d 671, 674 (5th Cir. 1996) (citing 28 U.S.C. § 1333(1)); *accord In re N&W Marine Towing, L.L.C.*, 31 F.4th at 970.  While "the Limitation Act 'gives shipowners the right to seek limitation of their liability exclusively in federal court,' the . . . saving to suitors clause 'affords suitors a choice of remedies.'"  *In re N&W Marine*

---

[3] "The determination of whether a shipowner is entitled to limitation employs a two-step process. First, the court must determine what acts of negligence or conditions of unseaworthiness caused the accident.  Second, the court must determine whether the shipowner had knowledge or privity of those same acts of negligence or conditions of unseaworthiness.  Knowledge or privity of any fact or act causing the accident is not enough for denial of limitation; it is only knowledge or privity of negligent acts or unseaworthy conditions which trigger a denial of limitation."  *Farrell Lines Inc. v. Jones*, 530 F.2d 7, 10 (5th Cir. 1976) (citing *Coleman v. Jahncke Serv., Inc.*, 341 F.2d 956 (5th Cir. 1965); *Avera v. Fla. Towing Corp.*, 322 F.2d 155 (5th Cir. 1963)).

[4] The saving to suitors clause specifically states:  "The district courts shall have original jurisdiction, exclusive of the courts of the States, of:  (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."  28 U.S.C. § 1333(1).

*Towing, L.L.C.*, 31 F.4th at 970 (quoting *In re Tetra Applied Techs. L P*, 362 F.3d 338, 340 (5th Cir. 2004). "This statutory framework has created a 'recurring and inherent conflict' between the saving-to-suitors clause . . . , with its 'presumption in favor of jury trials and common law remedies,' and the 'apparent exclusive jurisdiction' vested in admiralty courts by the [Limitation] Act." *Id.* (quoting *Magnolia Marine Transp. Co. v. Laplace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir. 1992)); *In re Tetra Applied Techs. L P*, 362 F.3d at 340 ("Tension exists between the saving to suitors clause and the Limitation Act because the former affords suitors a choice of remedies, while the latter gives shipowners the right to seek limitation of their liability exclusively in federal court." (citing *Lewis*, 531 U.S. at 448)).

"Although tension exists between the Limitation Act and the saving to suitors clause, 'the [district] court's primary concern is to protect the shipowner's absolute right to claim the [Limitation] Acts's liability cap, and to reserve the adjudication of that right in the federal forum.'" *Odeco Oil & Gas Co., Drilling Div.*, 74 F.3d at 674 (quoting *Magnolia Marine Transport Co.*, 964 F.2d at 1575). If limitation is denied, however, the claimants may choose to continue in place or to have the injunction dissolved to permit them to resume their other actions.[5] *Fecht*, 406 F.2d at 722-23 ("[W]here no limitation is possible the damage claimants are entitled to have the injunction against other actions dissolved, so that they may, if they wish, proceed in a common law forum as they are entitled to do under the saving to suitors clause."); *Complaint of Cameron Boat Rentals, Inc.*, 683 F. Supp. 577, 581 (W.D. La. 1988) ("[I]t now appears settled that once limitation is denied it is up to the claimants rather than the court whether the proceedings

---

[5] "Since the admiralty court has the power to grant full relief even though limitation is denied, one or more of the damage claimants may choose to litigate liability in admiralty." *Fecht v. Makowski*, 406 F.2d 721, 723 (5th Cir. 1969).

4

will continue in place or the injunction will be dissolved to permit resumption of the other action."). As the Fifth Circuit has explained, "[t]he reason for enjoining state court suits is to distribute effectively a limited fund in a single proceeding, not to 'transform the (Limitations) Act from a protective instrument to an offensive weapon by which the shipowner could deprive suitors of their common-law right." *Fecht*, 406 F.2d at 723.

B.     Wolford's Motion to Bifurcate

Wolford requests that the court bifurcate the issues of exoneration and limitation of liability from the issues of damages. Wolford states that, if the action were bifurcated, the court would first determine whether Seabulk Petitioners were negligent, and if so, whether they had "privity or knowledge" of the negligence that caused claimant's injuries. According to Wolford's proposed procedure, if the court denies limitation, the court should then allow Wolford to "proceed in his chosen forum where a jury could "determine the fault of additional parties, the relative degrees of fault, and damages.'" Wolford asserts that this approach balances the competing interests of the Savings to Suitors clause and the Limitation of Liability Act, as well as promotes judicial economy and efficiency under Federal Rule of Civil Procedure 42(b). Seabulk Petitioners oppose bifurcation, asserting that "the opposite of Rule 42(b)'s purpose will be achieved if Wolford's damages trial is carved out." KSS Line similarly avers that the considerations outlined in Rule 42(b) weigh in favor of a single bench trial.

Federal Rule of Civil Procedure 42(b) allows a district court, in furtherance of convenience and judicial economy or to avoid prejudice, to order a separate trial of "one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." FED. R. CIV. P. 42(b). "A motion to bifurcate is a matter within the sole discretion of the trial court." *Sims v. City of Jasper*,

No. 23-40369, 2024 WL 3964352, at *2 (5th Cir. Aug. 28, 2024); *accord Nester v. Textron, Inc.*, 888 F.3d 151, 162 (5th Cir. 2018) (quoting *First Tex. Sav. Ass'n v. Reliance Ins. Co.*, 950 F.2d 1171, 1174 n.2 (5th Cir. 1992)); *Malin Int'l Ship Repair & Drydock, Inc. v. Veolia Es Special Serv., Inc.*, 369 F. App'x 553, 555 (5th Cir. 2010).

Here, the determination of limitation of liability and of damages will undoubtedly result in some overlap of evidence and testimony, and bifurcating the proceedings will cause some additional expense and delay.  Rule 42(b), however, lists three separate justifications for bifurcation, one of which is "to avoid prejudice."  FED. R. CIV. P. 42(b); *Matter of Savage Inland Marine, LLC*, No. 1:19-CV-00536, 2020 WL 10355875, at *3 (E.D. Tex. Dec. 16, 2020).  While KSS Line and Seabulk Petitioners aver that no prejudice would result from a single proceeding before this court, they fail to account for Wolford's right to a jury trial.  *See Matter of Savage Inland Marine, LLC*, 2020 WL 10355875, at *3 ("Bifurcation in this case would avoid prejudice to [claimant's] right to a jury while also respecting the rights of the vessel owners to seek exoneration before a federal bench." (collecting cases)).  "[W]hile judicial efficiency is a laudable goal, concerns of judicial efficiency do not trump a traditional plaintiff's right to a jury trial." *Odfjell Chem. Tankers AS v. Herrera*, 471 F. Supp. 3d 790, 796 (S.D. Tex. 2020).

Seabulk Petitioners also note that bifurcation is not appropriate in cases like this one, where the claims might exceed the limitation fund and that claimants have not agreed on "the required" stipulations.  Seabulk Petitioners cite to *Odeco Oil & Gas Co., Drilling Div. v. Bonnette*, wherein the Fifth Circuit vacated a district's court order partially lifting the stay of a Texas state court proceeding, holding that "in order to proceed in state court, all claimants must sign the stipulation protecting the shipowner's rights under the Limitation Act."  74 F.3d at 675.  The Fifth Circuit

6

noted that a "shipowner's right to limitation takes precedence over the claimant's rights to proceed in the forum of their choice." *Id.* The appellate court explained that while "the claimants' interest in litigating in the forum of their choice is substantial, [the court] will accede to that choice only 'if it is accompanied by stipulations fully protecting [the limitation petitioner's] right to limit liability and agreeing to abide by an admiralty court determination of the right to limit.'"[6] *Id.* (quoting *Odeco Oil & Gas Co., Drilling Div. v. Bonnette*, 4 F.3d 401, 405 (5th Cir. 1993)).

Notably, however, the Fifth Circuit was specifically reviewing the district's court decision to lift the stay of the state court proceeding to allow the claimants to prosecute their claims in state court while the question of limitation was pending before the admiralty court. In contrast, Wolford is not asking the court to lift the stay of his state court proceeding so that he may simultaneously proceed in both forums. Rather, Wolford requests that the court first adjudicate the limitation issue, and then, if limitation is denied, permit Wolford to return to state court to have his damages claims tried before a jury. As discussed above, the Fifth Circuit has held that "where no limitation is possible the damage claimants are entitled to have the injunction against other actions dissolved, so that they may, if they wish, proceed in a common law forum as they are entitled to do under the saving to suitors clause." *Fecht*, 406 F.2d at 722-23; *Odfjell Chem. Tankers AS*, 471 F. Supp. 3d at 794 ("Each circuit that has considered this question has ruled that once limitation is denied, plaintiffs should be permitted to elect whether to remain in the limitation

---

[6] The Court of Appeals for the Fifth Circuit has recognized two instances in which a district court must lift its stay to allow a state court action to proceed: "(1) when the total amount of the claims does not exceed the shipowner's declared value of the vessel and its freight, and (2) when all claimants stipulate that the federal court has exclusive jurisdiction over the limitation proceeding, and that the claimants will not seek to enforce a damage award greater than the value of the ship and its freight until the shipowner's right to limitation has been determined by the federal court." *In re N&W Marine Towing, L.L.C.*, 31 F.4th at 970 (quoting *Odeco Oil & Gas Co., Drilling Div.*, 74 F.3d at 674); *accord In re Tetra Applied Techs. L P*, 362 F.3d at 341.

proceeding or to revive their original claims in their original fora." (citing *Wheeler v. Marine Navigation Sulphur Carriers, Inc.*, 764 F.2d 1008, 1011 (4th Cir. 1985))). In *Fecht*, the Court of Appeals reasoned that "[w]here no grant of limitation is possible, the basis for granting exoneration vanishes. In such a case, a boat owner should not be treated more favorably than an automobile driver. The latter is not entitled to force a damage claimant to a trial without a jury. Neither should the former." 406 F.2d at 723; *see In re Wood's Petition*, 230 F.2d 197, 199 (2d Cir. 1956) ("If . . . the [ship]owner shall be found not to be entitled to a limitation, his liability will be unlimited and there will be no need for a concourse to marshal the various claims. In that event the claims will no longer be 'subject to limitation' within the meaning of Admiralty Rule 51 and, therefore, any order denying the [ship]owner's right to limitation should contain provisions for lifting the restraining order.").

In sum, if limitation is denied, Wolford should be permitted to choose whether to remain in federal admiralty court or pursue his claims before a jury in state court. Wolford has made it clear that if limitation is denied, he wishes to pursue his damage claim in state court with a jury.

III.   Conclusion

In accordance with the forgoing analysis, Wolford's Motion to Bifurcate (#51) is GRANTED IN PART. The court will preside over a liability trial that determines: (1) whether each vessel owner was negligent and whether its vessel was unseaworthy; and if so, (2) whether privity or knowledge exists. In the same proceeding, the court will also apportion liability among Seabulk Petitioners, KSS Line, and Wolford.[7]

---

[7] Although Wolford seeks to have the issue of apportionment of fault determined separately, along with damages, this court finds it most efficient to have the issue decided at the same time it rules on liability and limitation. *See Archer Daniels Midland Co. v. M/T AMERICAN LIBERTY*, No. CV 19-10525, 2020

SIGNED at Beaumont, Texas, this 1st day of October, 2024.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

---

WL 1889123, at *3 (E.D. La. Apr. 16, 2020) (holding that the court will determine apportionment of fault along with liability in a bifurcated proceeding because deciding apportionment of fault in the damages phase would be inefficient); *see also Matter of Savage Inland Marine, LLC*, No. 1:19-CV-00536, 2020 WL 10355875, at *5 (E.D. Tex. Dec. 16, 2020) (granting motion to bifurcate and holding that the court will preside over a liability trial to determine the issue of limitation and apportionment of liability).